# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 06-cv-01073-REB-PAC

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINCOLN,

    Plaintiff,

v.

EMERSON FALLICE CALVERT,

    Defendant.

## ORDER GRANTING MOTION TO REMAND

**Blackburn, J.**

The matter before me is plaintiff's **Motion to Remand to State Court and Request for Expidited [sic] Ruling** [#4], filed June 13, 2006. I grant the motion.

Pursuant to D.C.Colo.LCivR 7.1C, I may rule on a motion at any time after it is filed without awaiting or commissioning a response, and I find it appropriate to exercise that discretion here. It is clear beyond peradventure that this case was improperly removed. The underlying lawsuit itself involves state law zoning claims. Under the well-pleaded complaint rule, defendant's counterclaims, which allegedly arise under federal law, provide no basis for federal question jurisdiction.[1] ***Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.***, 535 U.S. 826, 831, 122 S.Ct. 1889, 1893, 153 L.Ed.2d 13 (2002); ***Vanguard Car Rental USA, Inc. v. Dalponte***, 2005 WL 1635445 at *1 (D. Colo. July 12, 2005) (slip op.). Even if plaintiff's complaint itself contained a

---

[1] It is also pellucid that federal diversity jurisdiction does not exist either, as both parties are citizens of Colorado.

federal question, which it clearly does not, plaintiff would have waived any right to remove by failing to effectuate his removal within 30 days of the filing of the complaint in September, 2002.  *See* 28 U.S.C. § 1446(b).

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion to Remand to State Court and Request for Expidited [sic] Ruling** [#4], filed June 13, 2006, is **GRANTED**; and

2. That this case is **REMANDED** to the state district court of Lincoln County, Colorado, Case No. 02CV40.

Dated June 16, 2006, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**